■ BARBI PADDOCK, LTD., et al., Respondents, v COLLEEN B.

KELLY et al., Defendants, and MICHAEL D. LOKAI, Appellant.—
In an action, *inter alia,* to recover damages for fraud, misrepresentation, and veterinary malpractice, the defendant Michael Lokai appeals from an order of the Supreme Court, Nassau County (Burstein, J.), entered May 29, 1985, which denied his renewed motion to dismiss the complaint as against him for lack of personal jurisdiction, and which granted the plaintiffs' renewed cross motion to dismiss his jurisdictional defense.

Order modified, by deleting the provision granting the plaintiffs' cross motion to strike the jurisdictional defense, and substituting therefor a provision denying the cross motion and reinstating the defendant Lokai's jurisdictional defense. As so modified, order affirmed, with costs payable to the appellant by the respondents, and matter remitted to the Supreme Court, Nassau County, for a hearing and determination on the merits of the jurisdictional defense.

The appellant, a veterinarian, is a Florida domiciliary who, in Florida, examined and declared sound a horse about to be purchased by the plaintiffs, residents of New York. The plaintiffs later discovered that the horse had suffered from navicular disease at the time of the sale and had not been sound; they therefore commenced the instant action. The appellant raised a jurisdictional defense, which the plaintiffs moved to strike. Special Term denied both the motion to dismiss and the cross motion to strike, explaining that while it was established, pursuant to CPLR 302 (a) (3) (ii), that the appellant had allegedly committed a tortious act in Florida causing injury in New York, and that he should reasonably have expected his conduct to have consequences in New York, the court could not determine whether or not the appellant derived substantial revenue from interstate or international commerce, as the statute requires. Special Term (Wager, J.), therefore ordered the appellant to submit to an examination before trial solely on the issue of the substantiality of his interstate or international revenue, and to produce all documents in his possession pertaining to any interstate or international business engagement with which he had any connection, and the revenues derived therefrom.

Following the ordered examination before trial, the appellant renewed his motion to dismiss. Special Term (Levitt, J.), again denied the motion, finding the examination before trial inconclusive, but granted leave to renew upon submission of documents supporting the appellant's claim of insubstantial revenue from interstate business.

The plaintiffs thereafter moved for dismissal of the jurisdictional defense, claiming that the appellant had failed to supply certain records as agreed at the examination before trial. The appellant once again cross-moved for dismissal of the complaint on jurisdictional grounds, annexing additional documents as exhibits. Special Term (Pantano, J.), again denied both motions but granted leave to renew, ruling that the annexed exhibits were inadequate to make the necessary determination. It ordered the appellant to submit to a second examination before trial and directed the appellant to produce all the documents he had agreed to provide, along with all the other books and records previously ordered. The court concluded that failure to produce all the ordered documents would result in the resolution of the jurisdictional issue against him.

The appellant submitted to the second examination before trial and turned over the tax records and other documents sought by the plaintiffs. After discovery proceedings were terminated and the matter placed on the Trial Calendar, the appellant again renewed his motion to dismiss the complaint as against him. The plaintiffs argued in opposition that the appellant had not properly complied with the prior orders. Special Term ruled that it would not determine whether the documents turned over by the appellant constituted full and complete compliance with the prior orders, and ordered a hearing. However, the appellant did not appear at the hearing to testify, and the only additional evidence offered was the affirmation of counsel that all relevant documents had, indeed, been produced. Special Term then concluded that the appellant had not supplied the court with sufficient evidence from which to determine the jurisdictional issue, and his jurisdictional defense was stricken.

Neither the court nor the plaintiffs have at any time specified what documents in the appellant's possession he failed to turn over. In the absence of a more specific directive as to what items he should have turned over, the appellant cannot be said to be at fault. The unidentified documents sought may not even exist. He has turned over all the requested documents and asserts that there are no additional financial records of relevance. Under such circumstances, his jurisdictional defense should not have been stricken. We therefore reinstate the defense. At the hearing to be held before the Supreme Court, Nassau County, the plaintiffs will have the burden of proving that New York may properly assert juris-

diction over the appellant. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.